UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 1:07CR 96 ERW |
| DAMION M. WILSON, | ) ) ) | |
| Defendants. | ) | |

## **REPORT AND RECOMMENDATION**

### **Defendant's Motion to Dismiss Indictment**

In Defendant's Motion to Dismiss Indictment (Document #35), the defendant seeks the dismissal of the Indictment charging him with the distribution of five grams or more of cocaine base. The defendant relates that the incident out of which the indictment grew, which occurred on November 20, 2006, in Pemiscot County, Missouri, resulted first in a state charge filed against him for the Class A felony of Trafficking in Drugs in the First Degree. The case was later referred to the United States Attorney's Office for the Southeastern Division of the Eastern District of Missouri, which was followed by an indictment of the defendant for Distribution of Fire Grams or More of a Substance Containing a Detectable Amount of Cocaine Base.

The defendant alleges in his Motion to Dismiss the Indictment that:

> 7. The sole basis for the indictment was the alleged transaction conducted by a Confidential Informant on November 20, 2006, in Caruthersville, Pemiscot County, Missouri.

The motion continues that the Confidential Informant (CI) on November 20, 2006, was on state probation from the Circuit Court of Pemiscot County for the Class D felony of Non-Support in violation of RSMO. § 568.040.

The gist of the defendant's argument is contained in paragraph 9 of his Motion to Dismiss the Indictment:

> 9. The use of a confidential informant while on state probation or parole without express written permission of the State Probation and Parole official with authority to grant such permission or from the state court responsible for the CI's probation, parole or supervised release is a violation of the Attorney General's Guidelines Regarding the Use of Confidential Informants.

The defendant reaches the conclusion that the alleged violation of the Attorney General's Guidelines creates a material defect in the institution of his federal prosecution. The defendant argues further that, in light of the material defect in the institution of prosecution, due process, the integrity of the judicial process and the uniform administration of justice require the dismissal of the indictment again the defendant.

In his Memorandum of Law in Support of Defendant's Motion to Dismiss Indictment (Document #36), the defendant refers more at length to the Attorney General's Guidelines issued by Attorney General John Ashcroft on May 30, 2002. As defendant relates, the Guidelines specifically state that their purpose is to set policy regarding the use of confidential informants in criminal investigations and prosecutions by all Department of Justice Law Enforcement Agencies (JLEA) and Federal Prosecuting Offices (FPO). As the defendant points out, the Guidelines are mandatory.

The defendant quotes the Guidelines to the effect that prior to utilizing a state probationer or parolee as a CI, a Field Manager of a JLEA is to determine if the use of a probationer or parolee as a CI would violate the terms and conditions of the person's probation or parole. The Guidelines continue that if the Field Manager has reason to believe the use of the probationer or parolee as a CI would violate those terms and conditions, before using the person as a CI, the Field Manager must obtain the permission of a state probation or parole release official with authority to grant such permission, which permission is to be documented in the CI's files. If that permission is denied or it is inappropriate to contact the proper state or local official, the Field Manager may seek authorization for the use of the individual as a CI from the state or local court responsible for the person's probation or parole.

The defendant quotes further from the Guidelines to the effect that in situations where a Federal Prosecuting Office (FPO) is either participating in the conduct of an investigation by a JLEA in which a state or local probationer or parolee would be utilized as a CI or where a FPO would be working with a state or local probationer or parolee in connection with a prosecution, the JLEA shall notify the attorney assigned to the matter prior to using the person as a CI.

The defendant points to the fact that in the case of the confidential informant used for the alleged purchase of crack cocaine from the defendant on November 20, 2006, the confidential informant was not used with the express written authority and permission of either the state probation official or the presiding judge of the 34th Judicial Circuit Court of Pemiscot County, Missouri, which the defendant argues is "in direct contravention of

the Guidelines Regarding the Use of Confidential Informants."

The defendant reaches the further conclusion that once the government in this case decided to seek federal prosecution against Damion Wilson, "The government directly violated the mandatory guidelines of the Department of Justice ...." From the last conclusion, the defendant argues further that for the government to exercise prosecutorial discretion and pursue a case in violation of Department of Justice guidelines would make prosecutorial discretion arbitrary and capricious. As a result, the institution of the prosecution in federal court against the defendant, Damion Wilson, is a violation of due process of the United States Constitution and "the indictment based solely upon defective institution of prosecution against this Defendant must be dismissed."

The defendant reaches the further conclusion that since the CI was used purportedly in violation of the Attorney General's Guidelines, the indictment, based on the incident of drug trafficking in which the CI took part, "is clearly not supported by legally sufficient evidence" and, therefore, must be dismissed.

The defendant proposes a second basis for the dismissal of the indictment against the defendant based on the court's supervisory powers. The defendant quotes cases holding that the court's supervisory powers may be used to deter illegality and to protect judicial integrity. The defendant reasons that because the government chose to pursue prosecution in violation of Department of Justice Guidelines, it is enforcing criminal statutes in a discriminatory or selective fashion. The defendant urges that because of its prosecutorial misconduct in arbitrarily, capriciously and selectively pursuing prosecution in violation of the Guidelines, the court should step in and use its inherent supervisory

powers and "in the interest of uniform application of justice and in the interest of protecting the judicial integrity of the federal courts, should dismiss the indictment."

The court believes the defendant misinterprets the Attorney General's Guidelines.

The testimony at the evidentiary hearing on defendant's motions was that plans to use the CI for the controlled buy on November 20, 2006, in Pemiscot County were made by state officers and in which no federal agents or officers took part. The confidential informant was recruited by state officers and no federal officer or agent took part in the recruitment. The drug transaction took place without any participation by a federal officer or agent. A state prosecution was initiated entirely by state authorities without any participation by federal officials or agents. As a result, the use of the confidential informant as a confidential informant in the purchase of crack cocaine in Caruthersville, Pemiscot County, Missouri, was entirely the action of state officers, again, with no federal participation.    The Attorney General's Guidelines set policy for U. S. Attorneys and agents and agencies of the Department of Justice. They have no application to state criminal investigations, state controlled buys, state arrests or state prosecutions.

Federal officers or agents did not use the person who has been identified as the state's confidential informant, Reginald S. Fields, as a government <u>confidential informant</u>. It is true Reginald Fields may be used by the government <u>as a witness</u>, both before a grand jury in seeking an indictment or at trial. The Attorney General's Guidelines in question set policy for the use of confidential informants by federal officers or agencies, not the use of a witness who had previously acted as a state confidential

informant.

In his Memorandum of Law in Support of Defendant's Motion to Dismiss Indictment (Document #36), the defendant quotes from the Guidelines with the reference "See Guidelines, Special Approval Requirements (5)(a, b)." This part of the Guidelines referred to earlier in this Report gives instruction on the method of obtaining permission for the use of a probationer or parolee as a confidential informant, stating that a Field Manager of a Justice Department agency should get permission of the probation or parole official if he feels the use of the probationer or parolee as a confidential informant would violate the terms and conditions of probation or parole. If seeking such permission is inappropriate or the permission is denied, the Guidelines provide for obtaining authorization "for the use of such individual as a CI" from the state or local court having jurisdiction over the probationer or parolee. The same portion of the Guidelines with the title of Special Approval Requirements (5)( a,b) provides further that where a Federal Prosecuting Office (FPO) is either participating in the conduct of an investigation by a Department of Justice Law Enforcement Agency (JLEA) in connection with a prosecution, "The JLEA shall notify the attorney assigned to the matter prior to using the person as a CI."

It is clear, as the title of the Guidelines demonstrates, that the Guidelines are to be followed when the federal government uses a probationer or parolee as a CI or confidential informant. As all parties concede, the use of Reginald Fields as a CI was not the act of the federal government but entirely the action of the state officers and agencies.

Contrary to the contention of the defendant, once the government in this case

decided to seek federal prosecution against the defendant using Reginald Fields <u>as a witness</u>, the government did not violate the Guidelines of the Attorney General.

Since the government has not violated in its prosecution of the defendant any Attorney General's Guidelines, the prosecution of Damion Wilson is not arbitrary and capricious.  Further, the institution of the federal prosecution against the defendant was not selective prosecution and thus was not in violation of defendant's rights of due process.  As a result, the institution of defendant's prosecution was not defective and does not call for the dismissal of the indictment.

The defendant's stated conclusion (paragraph 9, Motion to Dismiss Indictment) flowing from his earlier reasoning that the use of Reginald Fields as a witness violated the Department of Justice Guidelines is incorrect.  At the risk of undue repetition, the court finds the government has not used Reginald Fields as a confidential informant.  The state used Reginald Fields as a confidential informant.  There was no violation of the Attorney General's Guidelines by the State in using Mr. Fields <u>as a confidential informant</u>, and there is no violation of the Attorney General's Guidelines by the government in using Mr. Fields <u>as a witness</u>.

As noted above, the defendant offers a second rationale which he says requires dismissal of the indictment, calling for use of the court's supervisory powers. It is the defendant's theory that the government chose to pursue federal prosecution in this case in violation of Department of Justice Guidelines.  The defendant argues further that government officials may not enforce criminal statutes in a discriminatory or selective fashion.

The defendant argues that to allow the government to "arbitrarily, capriciously and selectively choose not to abide by the Guidelines and pursue prosecution" would "substantially and severely jeopardize the integrity of the criminal justice system." The defendant seeks the exercise of the court's inherent supervisory powers in the interest of uniform application of justice and in the interest of protecting the judicial integrity of the federal courts to dismiss the indictment.

The problem with the defendant's argument is that neither state law enforcement officers nor United States Government agents, officers or officials violated the Attorney General's Guidelines. The defendant's argument for the use of the court's supervisory authority to dismiss the indictment is based on the supposed violation of the Guidelines resulting in discriminatory or selective prosecution and in so doing jeopardizing the integrity of the criminal justice system. Defendant's argument is without merit.

At the risk of needless repetition, the court finds that there was no violation of the Attorney General's Guidelines by either state or federal officials.

Even had there been violation of the Guidelines, and the court has found the opposite to be true, there is no statutory or case law authority for the dismissal of the indictment. As the government points out, the Attorney General's Guidelines themselves specify under I. H. Rights of Third Parties, "Nothing in these Guidelines is intended to create or does create an enforceable legal right or private right of action by a CI or any other person."

The Guidelines are an internal instrument of the Department of Justice meant to provide guidance to officials, attorneys and agents in the Department of Justice. They

provide no right of action to a person in the defendant's circumstances even had there been a violation of the Guidelines, which the court has found is not the case.

This court will recommend that Defendant's Motion to Dismiss Indictment (Document #35) be denied.

## Motion to Suppress Evidence

The basis of the defendant's Motion to Suppress Evidence (Document #37) is that evidence in this case was obtained in violation of the defendant's due process rights under the Constitution and in violation of the United States Attorney's Guidelines Regarding the Use of Confidential Informants in violation of the Fourth Amendment of the Constitution.

The defendant argues in his Motion to Suppress Evidence that "... the undercover surveillance tape was obtained by using a CI in direct violation and contravention of the U. S. Attorney's Guidelines Regarding the Use of Confidential Informants."

Besides the undercover surveillance tape, the defendant seeks the suppression of a lab analysis report identifying a substance allegedly taken from the CI after the buy as being 13.36 grams of cocaine base.

The defendant incorporated by reference in his Motion to Suppress Evidence the arguments and legal analysis in his Motion to Dismiss Indictment. The defendant makes the same argument he made in connection with his Motion to Dismiss Indictment that the evidence in this case was obtained by using a CI in violation of the Attorney General's Guidelines and, as a result, the evidence is legally insufficient and should be suppressed.

As set out at length above, the court finds that the defendant is misinterpreting the

Attorney General's Guidelines and that there was no violation of the Guidelines. The defendant's due process rights against arbitrary, capricious and selective prosecution were not violated.

It would serve no useful purpose to restate the court's findings and conclusions reached with reference to the Defendant's Motion to Dismiss the Indictment. The reasons for denying the Defendant's Motion to Dismiss the Indictment are the same for the denial of defendant's Motion to Suppress Evidence. The defendant's arguments are all based on the premise that there was a violation of the Attorney General's Guidelines either by the state or federal government or both. The court has found there was no such violation by either state officers or government officials, attorneys or agents.

The defendant's Motion to Suppress Evidence should be denied.

**IT IS, THEREFORE, RECOMMENDED** that defendant's Motion to Dismiss Indictment (Document #35) and defendant's Motion to Suppress Evidence (Document #37) be denied.

The parties are advised that they have eleven (11) days in which to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(l), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. See Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990).

／s／ Lewis M. Blanton
LEWIS M. BLANTON
United States Magistrate Judge

Dated this 2nd day of November, 2007.